LEO SCHLESINGER, Appellant, v. ELIZABETH SCHLESINGER, as
Administratrix, etc., of MARK SCHLESINGER, Deceased, and
BALDWIN SCHLESINGER, as Executor, etc., of ABRAHAM
SCHLESINGER, Deceased, Respondents.

(First Department, July 10, 1913.)

DECEDENT'S ESTATE—SUIT AGAINST ADMINISTRATRIX TO DETERMINE
VALIDITY OF AGREEMENT WITH DECEASED, BROUGHT PENDING EN-
FORCEMENT OF SURROGATE'S DECREE—TEMPORARY INJUNCTION.

    Pending a proceeding by the administratrix of a legatee under a
will to enforce a decree of the Surrogate's Court, that the executors
should pay her a certain sum by issuing execution against the ex-
ecutors, one of the executors brought suit against said administra-
trix to determine the amount of the liability of the estate of said
legatee to the plaintiff, under an agreement whereby the legatee and
his three brothers severally agreed to pay to the plaintiff out of
their respective interests in the estate of the maker of the will
moneys advanced by the plaintiff to one B. The plaintiff alleged
that neither said administratrix nor the heirs or next of kin of
her intestate were financially responsible for the amount due to the
plaintiff under the agreement. The plaintiff gave an undertaking
for the payment of the full amount awarded the administratrix
by the Surrogate's Court, together with costs, and for any damages
which might be sustained in consequence of the granting of a
temporary injunction.

    *Held,* that a temporary injunction restraining enforcement of the
surrogate's decree should be continued.

APPEAL by the plaintiff, Leo Schlesinger, from an order of
the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York on
the 26th day of April, 1913, denying the plaintiff's motion
for the continuance of a temporary injunction order granted
*ex parte,* and also from an order entered in said clerks' office on
the 14th day of May, 1913, denying a motion for a reargu-
ment.

Martin L. Stover, for the appellant.

Alexander S. Bacon, for the respondent Elizabeth Schlesinger.

LAUGHLIN, J.—The plaintiff and the defendant Baldwin Schlesinger are the executors under the last will and testament of their father, Abraham Schlesinger, who died on the 18th day of January, 1898; and Mark Schlesinger, whose administratrix is a party defendant, was a legatee under the will. On or about the 15th day of July, 1910, Baldwin Schlesinger, as such executor, filed an account of the proceedings of the executors in the Surrogate's Court of the county of New York, and thereafter and on the 24th day of March, 1913, a decree of the Surrogate's Court was duly entered finally settling their accounts. The administratrix of said Mark Schlesinger, deceased, who was the plaintiff's brother, was a party to the accounting proceeding and by the decree it was adjudged that the executors should pay to her for the estate of said Mark Schlesinger, deceased, the sum of $5,102.69, which was the amount of his share in the estate of his father. When this action was commenced the defendant administratrix was proceeding to enforce the liability to her of the executors under said decree by issuing execution against them individually; but the execution has been set aside as against Baldwin Schlesinger on the ground that he did not have funds of the estate in his possession to the extent of the amount awarded to the administratrix by the decree.

This action is brought to determine the amount of the liability of the estate of said Mark Schlesinger to the plaintiff under an agreement alleged to have been made by him and three of his brothers, the provisions of which are pleaded generally in the complaint, but purport to be set forth *in hæc verba* in an affidavit in the record. As thus shown it appears that in consideration of the premises therein recited, which are that

plaintiff had advanced money to one Philip Bear in expectation that he would be repaid when Bear should sever his connection with the firm of Leo Schlesinger & Co., whatever his connection therewith might be, and that an action was then pending in which the interest of Bear in said firm was to be determined, and that the four brothers who executed the agreement deemed it "equitable, fair and right" that plaintiff should "receive repayment of the proper amount of his advances to said Philip Bear in the event that he shall be unable to enforce collection of the same out of said business," and of the further consideration of one dollar paid to each of them, the deceased Mark Schlesinger and his three brothers *severally* agreed to pay to the plaintiff *out of their respective interests in the estate of Abraham Schlesinger*, deceased, of which the copartnership business of Leo Schlesinger & Co. formed a part, one-quarter of the amount advanced by him to one Philip Bear, in the event that said Bear should not succeed in establishing a right, claim or interest to a share in said copartnership business, and in the further event that the plaintiff should be "unable to enforce collection of the same out of said business;" and to have it adjudged that the plaintiff is entitled to retain from any sums in his hands as such executor the sum of $10,000, which he alleges is the amount of the indebtedness of the administratrix of Mark Schlesinger, deceased, under and by virtue of said agreement on account of the moneys so advanced by him to said Bear; and to have said administratrix enjoined and restrained from enforcing collection of the amount awarded to her by the decree of the Surrogate's Court, until the amount found due from her to the plaintiff in this action shall be fully paid and discharged, and to enjoin payment to said administratrix by the defendant Baldwin Schlesinger, as executor, in the meantime.

The plaintiff alleges that said administratrix is financially irresponsible, and that the bond given by her as administratrix was only in the sum of $1,000, and that none of the heirs or

next of kin of her intestate are of sufficient financial responsibility to respond for the amount due to the plaintiff from the estate of Mark Schlesinger, deceased, as aforesaid. The plaintiff also alleges that since the accounting proceeding was commenced in the Surrogate's Court, he has paid said administratrix sums aggregating $3,000 to be applied upon any amount due to her as such administratrix, and that no part of this sum has been repaid or has been allowed upon the amount found due from the estate of Abraham Schlesinger, deceased, to said administratrix, as aforesaid. It appears that in an action duly brought in the Supreme Court to determine the liability of said firm to the estate of Abraham Schlesinger, deceased, and for an accounting, to which action said Bear was made a party defendant upon the theory that he was a copartner, or had an interest in the business, a final decree has been entered by which it has been adjudged that he was not a partner and had no interest in said firm, and that decree was affirmed on an appeal to this court and to the Court of Appeals. (Schlesinger v. Bear, 143 App. Div. 907; affd., *sub nom.* Schlesinger v. Schlesinger, 205 N. Y. 605.) Neither Mark Schlesinger, deceased, in his lifetime, nor his administratrix, was a party to that action, and, therefore, his liability, or that of his estate, to the plaintiff under said agreement could not have been, and was not, determined in that action. The agreement upon which plaintiff's action is predicated is repudiated and liability thereunder is disclaimed by said administratrix. It is not, as I read the record, denied that he executed the agreement; but it is contended that it was without consideration and was fraudulent and void. The learned counsel for the appellant contends that the Surrogate's Court was without jurisdiction to pass upon the validity of said agreement, or to determine the amount owing to plaintiff thereunder on account of the interests of his brothers in the estate of their father, and that he requires the aid of a court of equity to prevent the levy of the execution

upon his personal property, and a sale thereof, under the decree of the Surrogate's Court, which would leave him remediless with respect to his rights under the agreement, for the reason that he would be unable to realize upon any judgment that he might recover against said administratrix, either individually or in a representative capacity.

It is well settled that the Surrogate's Court is without jurisdiction to grant equitable relief, or to decide conflicting claims with respect to a distributive share of an estate. (Matter of Wagner, 119 N. Y. 28; Matter of Randall, 152 id. 516; Stilwell v. Carpenter, 59 id. 414; Bevan v. Cooper, 72 id. 317; Sanders v. Soutter, 126 id. 200.) It is manifest, therefore, that if the plaintiff's claim has any merit he is entitled to a temporary injunction in order that his rights may be protected. We are of opinion that the questions with respect to the validity and enforcibility of the agreement should be left for decision upon the trial of the issues. The plaintiff has given an undertaking for the payment of the full amount awarded in behalf of the administratrix by the Surrogate's Court, together with costs, and for any damages which may be sustained in consequence of the granting of the injunction order. We are of opinion that the plaintiff was entitled to the injunction.

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

INGRAHAM, P. J., SCOTT, DOWLING and HOTCHKISS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.